IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHAUNCEY VINCENT THOMAS, SR.,
     Plaintiff,

vs.                       Case No. 3:12cv586/RV/CJK

KENNETH TUCKER, et al.,
     Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2). The Court has reviewed plaintiff's pleadings and concludes that this case should be dismissed under 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A  prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff, while incarcerated, has brought three civil actions or appeals in the federal courts that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See Thomas v. Haley, et al.*, No. 3:11cv364 (N.D. Fla. 2011) (dismissing, for failure to state a claim, civil rights complaint filed by plaintiff while incarcerated);  *Thomas v. Mann, et al.*, No. 2:11cv488 (M.D. Fla. 2011) (dismissing, for failure to state a claim, civil rights complaint filed by plaintiff while incarcerated), *appeal dismissed as frivolous*, No. 11-14827 (11th Cir. June 25, 2012).

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g), *Brown, supra*.  Plaintiff's allegations of plumbing issues, roof leaks, and sub-standard shower areas in his dormitory at Century Correctional Institution (too few showers, lack of  rubber mats and lack of ceramic tile) do not bring him within the "imminent danger" exception.  (*See* Doc. 1, p. 5 and

continuation pages).  Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED.

2.  That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).  Plaintiff may re-file his complaint if it is accompanied by the full $350.00 filing fee.

3.  That the Clerk be directed to close the file.

At Pensacola, Florida this 14th day of December, 2012.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).